UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAMELA THOMAS, | ) No. CV 12-09915-VBK |
| | ) |
|     Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
|     v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

    Plaintiff raises the following issue:

    1.    Whether the Administrative Law Judge ("ALJ") gave proper

consideration to Plaintiff's testimony and statements. (JS at p. 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

## I

## THE ALJ PROPERLY ASSESSED PLAINTIFF'S CREDIBILITY

After conducting a hearing, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work, and among other things, is able to stand and walk up to six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday with normal breaks. This finding is consistent with the conclusions of all the examining and non-examining doctors in this case (there are no treating sources). These include Dr. Sourehnissani, who did a consultative examination ("CE") in internal medicine at the request of the Department of Social Services on December 15, 2009 (AR 241-244). Indeed, Dr. Sourehnissani was of the opinion that Plaintiff was capable of greater exertional abilities than are encompassed in light work (i.e., that she could carry up to 50 pounds occasionally and 25 pounds frequently. (AR 245.)

A prior internal medicine CE was conducted at the request of the Department of Social Services on November 1, 2008 by Dr. Benrazavi (AR 263-268) who also concluded, consist with Dr. Sourehnissani, that Plaintiff could lift and carry up to 50 pounds occasionally and 25 pounds frequently, with standing and walking up to six hours per day and sitting up to six hours per day. (AR 267.)

2

A Physical Residual Functional Capacity Assessment was rendered by non-examining physician Dr. Yu, who agreed with the other doctors that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand and/or walk with normal breaks for six hours in an eight-hour workday, and sit with normal breaks for a total of six hours in an eight-hour workday. (AR 247.)

Plaintiff does not agree with the ALJ's interpretation and summation of her own description of her subjective symptoms, described in the ALJ's Decision as difficulty standing and walking; suffering from breathing problems; swelling of her knees and high blood pressure; need to have her daughter help her bathe due to her swelling; and that she requires someone to comb her hair because she cannot lift her shoulder. (AR 13-14, citing exhibits.)

In assessing Plaintiff's credibility with regard to her testimony as to subjective symptoms, the ALJ determined that while her medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the determined RFC. (AR 15.)

The factors to be considered in determining credibility are well established both in case law and administrative regulations. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Thomas v. Barnhart, 278 F.3d 947, 958-959 (9th Cir. 2002); 20 C.F.R. §§ 404.1529(c); 416.929(c); Social Security Ruling ("SSR") 96-7p. Included among the evaluative factors are a claimant's daily activities, and evidence from physicians and third parties. Here, the ALJ relied upon the consistent opinions of the examining and non-examining physicians, and in fact, erred in Plaintiff's favor by reducing her exertional

3

abilities to those encompassed in light work. With regard to Plaintiff's testimony as to her activities of daily living, Plaintiff asserts that according to accepted case law, she need not be in a vegetative state in order to be disabled. (JS at 10, citing <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1049 (9th Cir. 2001.)

In accordance with the above-cited cases and regulations, the ALJ in fact did give consideration to Plaintiff's own descriptions of her activities of daily living ("ADL"). She indicated she had a driver's license and was able to drive, and drove her father and helped him to prepare his meals; she engaged in physical therapy exercises every morning; she volunteered at her church and served breakfast or worked in a day care center checking the children; she watched her grandchildren. Certainly, Plaintiff's own description of her activities in this regard contradicts her claims that she cannot do such basic things as dress herself or comb her hair. These are contradictions which are not only obvious in the record, but which the ALJ was justified in noting in depreciating Plaintiff's credibility.

With regard to the opinions of physicians, while contradictions between subjective testimony and objective medical evidence cannot be the sole basis to depreciate credibility, they do constitute one valid evaluative factor. (<u>See</u> 20 C.F.R. § 416.929(c)(1) & (2) (2013).) <u>See also</u> <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1196 (9th Cir. 2004); <u>Moncada v. Chater</u>, 60 F.3d 521, 542 (9th Cir. 1995); <u>Nyman v. Heckler</u>, 779 F.2d 528, 530 (9th Cir. 1985).

Based on the record before the Court, it must conclude that the ALJ made sufficiently specific findings and did not arbitrarily discredit Plaintiff's testimony. <u>See</u> <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995). In sum, the Court finds that the ALJ provided

4

clear and convincing reasons to depreciate Plaintiff's credibility based on her subjective pain and symptom testimony.  For this reason, the Court finds no merit in Plaintiff's sole issue in this litigation, and orders that the Decision of the Commissioner will be affirmed and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: August 23, 2013                    /s/
                                          VICTOR B. KENTON
                                          UNITED STATES MAGISTRATE JUDGE